IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**MELBA CORDOVA, individually and as the Personal Representative of the Estate of Perfecto Cordova, Deceased,**

      **Plaintiff,**

v.                                                                 No. CIV 03-796 BB/RHS

**JMIC LIFE INSURANCE COMPANY,**

      **Defendant.**

MEMORANDUM OPINION
AND
ORDER ON REMAND

**THIS MATTER** is before the Court on Plaintiff's motion to remand [doc. #4] based on a lack of evidence of the requisite jurisdictional amount, and the Court having considered all the submissions of the parties and being otherwise apprised, finds that unless Plaintiff is willing to stipulate she will not seek or recover in excess of $74,999, the motion will be Denied.

*Discussion*

On June 10, 2003, Plaintiff Melba Cordova filed a complaint, on her own behalf and on behalf of the Estate of her deceased husband, Perfecto Cordova, in New Mexico state court (McKinley County) against JMIC Life Insurance Company ("JMIC"). Plaintiff asserts claims for Breach of Contract (Count 1), Breach of the Covenant of

**Good Faith and Fair Dealing (Count 2), Bad Faith Failure to Pay a First Party Claim (Count 3), Negligence (Count 4), Violation of the Insurance Code (Count 5), Misrepresentation (Count 6), and Negligence *Per Se* (Count 7).  On July 7, 2003, Defendant JMIC removed the case to this Court pursuant to 28 U.S.C. § 1441 and here claims jurisdiction under 28 U.S.C. § 1332 based upon diversity and the amount-in-controversy.  Plaintiff now seeks to remand on the ground that JMIC has not met its burden of proof as to the amount-in-controversy requirement.**

**When the plaintiff originally files the complaint in federal court, it bears the burden of establishing jurisdictional amount to a "legal certainty."  *KVOS, Inc. v. Assoc. Press*, 299 U.S. 269 (1936); *Gibson v. Jeffers*, 478 F.2d 216 (10th Cir. 1973).  When the case is removed, however, it is the defendant's burden to establish the amount in controversy.  *Laughlin v. Kmart Corp.*, 50 F.3d 871 (10th Cir. 1995).  Based on New Mexico Rule of Civil Procedure 10, Plaintiff's complaint fails to contain a specified amount in the prayer or damages.  If the plaintiff's complaint does not allege determinate damages, the defendant's burden is only a preponderance of the evidence. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309 (11th Cir. 2002); *Bosky v. Kroger Texas, L.P.*, 288 F.3d 208 (5th Cir. 2002); *Trimble v. Asarco, Inc.*, 232 F.3d 946 (8th Cir. 2000).  When a state court complaint is indeterminate, the federal court must assess the claims to evaluate whether the claims support jurisdiction.  *Robinson v. Quality Ins. Co.*, 633 F. Supp. 572 (S.D. Ala. 1986).**

Plaintiff's complaint contains numerous allegations of serious misconduct by JMIC.  For example, Plaintiff alleges that:

"The employees of car dealerships, such as Garcia Mitsubishi, are under a lot of pressure to sell additional products to customers who purchase vehicles and Plaintiff believes that Garcia Mitsubishi had quotas for the sale of such products established by JM&A Group Inc., a company affiliated with JMIC Life Insurance Company."  Compl. ¶ 7;

"At the time the car was purchased, [Mr. Cordova] had suffered from a stroke and was not even able to sign his own name."  Compl. ¶ 5;

"JMIC Life Insurance Company does not train its agents ... in the insurance laws of the State of New Mexico or their legal duties and responsibilities.  The sole training received is focused exclusively on the sale of products and how to increase the sales of 'add ons.'"  Compl. ¶ 8;

Upon receipt of the Cordovas' claim for insurance benefits, "JMIC began an improper investigation into Mr. Cordova's health ...."  Compl. ¶ 13;

The sole and only purpose of this investigation was to facilitate the denial of the Estate's claim for insurance benefits."  Coml. ¶ 13;

In disregard for industry standards, JMIC "failed to contact or take a statement from the agent" who sold the credit insurance to the Cordovas.  Compl. ¶ 16;

JMIC determined that "it could not contest coverage" under the certificate of insurance governing the Cordovas' coverage, and "adopted a policy of not contesting claims made under [that] certificate."  Compl. ¶¶ 19-20;

JMIC denied the Cordovas' claim, and "made no effort to contact Mrs. Cordova to inform her of its policy not to contest claims made under that certificate.  Compl. ¶ 21; and

JMIC routinely "makes determinations of whether an insured qualifies for credit life insurance coverage after a claim is made, a practice known as post-claim underwriting," which "has been condemned in the

3

insurance industry for several years and constitutes bad faith." Compl. ¶¶ 22-23.

Plaintiff seeks recovery for compensatory damages, including consequential damages and damages for emotional distress, statutory damages, punitive damages, attorneys' fees and costs, and pre- and post-judgment interest. Like other forms of damages, punitive damages must be considered in ascertaining the amount in controversy. *Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238 (1943); *Suber v. Chrysler Corp.*, 104 F.3d 578 (3$^d$ Cir. 1997). If the jury believes the above statements, punitive damages appear likely. Indeed, the Court is inclined to believe a jury which accepted those allegations would be very likely to award in excess of $75,000.

While it is unclear from the complaint whether plaintiffs are seeking the requisite amount in controversy, the court may consider attorney affidavits and other evidence to determine the amount in controversy. *Asociacion Nacional de Pescadores v. Dow Quimica de Colombia*, 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041 (1994); 14B CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3702 (3d ed. 1998). In other writings, Plaintiff's counsel has demonstrated a belief similar cases should be evaluated at a figure substantially in excess of the required jurisdictional amount. Defendant represents that the *Cordova* complaint is not the only lawsuit filed in New Mexico against JMIC based on Certificate of Insurance Form NMB-25 (01/98). For example, Plaintiff's counsel, Thomas L. Murphy of Rosenfelt, Barlow & Borg, P.A., has filed another bad faith insurance claim

4

against JMIC on behalf of the personal representative of the Estate of John McKenna II.  *See McKenna v. JMIC Life Ins. Co.*, No. CV-2002-2020 (N.M. 2d Jud. Dist. 2002) (pending).  Defense counsel has submitted a letter from Mr. Murphy demanding $1,250,000 to settle that claim "based upon an analysis of jury verdicts in cases against credit life insurance companies and a set of facts that appear to be highly favorable to the Plaintiff."  Deft's Resp. Remand, Ex. D.  This amount grossly exceeds the jurisdictional requirement for federal court.

Based on the record, then, the Court would find the claim satisfies the jurisdictional amount.  However, when the complaint is unclear, trial courts from a variety of jurisdictions have considered a plaintiff's unwillingness to stipulate to damages less than the jurisdictional minimum as a significant factor in determining whether remand is appropriate.  *Reid v. Delta Gas, Inc.*, 837 F. Supp. 751 (M.D. La. 1993); *Johnson v. Dillard Dep't Stores, Inc.*, 836 F. Supp. 390, 394 (N.D. Tex. 1993); *Callaway v. BASF Corp.*, 810 F. Supp. 191 (S.D. Tex. 1993); *Kennard v. Harris Corp.*, 728 F. Supp. 453 (E.D. Mich. 1989); *Kelderman v. Remington Arms Co., Inc.*, 734 F. Supp. 1527 (S.D. Iowa 1990); *Hendrickson v. Xerox Corp.*, 751 F. Supp. 175 (D. Or. 1990).  If Plaintiff's counsel files an affidavit from Plaintiff stating she is willing to stipulate she did not seek and will not accept an amount in excess of $74,999, the Court will reconsider its decision. *Goodman v. Wal-Mart Stores, Inc.*, 981 F. Supp. 1083 (M.D. Tenn. 1997); *Bailey v. Wal-Mart Stores, Inc.*, 981 F. Supp. 1415 (N.D. Ala. 1997); *Matney*

*v. Wenger Corp.*, 957 F. Supp. 942 (S.D. Tex. 1997); *Gwyn v. Wal-Mart Stores, Inc.*, 955 F. Supp. 44 (M.D.N.C. 1996); *Cotton States Mut. Ins. Co. v. Peacock*, 949 F. Supp. 823 (M.D. Ala. 1996).

### O R D E R

Unless the Plaintiff files an affidavit stating she did not seek and will not accept in excess of $74,999 in compensation for the claims in her complaint within 15 days of the entry of this order, the *Motion to Remand* is DENIED.

SO ORDERED at Albuquerque this 2nd day of September, 2003.

                                                                            _____
                                                                            **BRUCE D. BLACK**
                                                                            **United States District Judge**

**For Plaintiff:**

    Thomas L. Murphy, ROSENFELT BARLOW & BORG, Gallup, NM

**For Defendant:**

    Michael Cadigan, CADIGAN LAW FIRM, Albuquerque, NM
    J. Andrew Keyes, Katherine P. Chiarello, Ann C. Reyes, WILLIAMS & CONNOLLY, Washington, DC